T.C. Summary Opinion 2004-121


UNITED STATES TAX COURT


IVAN N. ERDELYI AND LYDIA ERDELYI, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 13595-03S.            Filed September 2, 2004.


Ivan N. Erdelyi, pro se.

<u>James N. Beyer</u>, for respondent.


POWELL, <u>Special Trial Judge</u>:  This case was heard pursuant
to the provisions of section 7463[1] of the Internal Revenue Code
in effect at the time the petition was filed.  The decision to be
entered is not reviewable by any other court, and this opinion
should not be cited as authority.

---

[1]  Unless otherwise indicated, subsequent section references are
to the Internal Revenue Code in effect for the year in issue.

Respondent determined a deficiency of $1,341 in petitioners' 2000 Federal income tax. The issue is whether petitioners are liable for an alternative minimum tax. Petitioners resided in Glenside, Pennsylvania, at the time they filed the petition.

The facts may be summarized as follows. Petitioners timely filed their 2000 Federal income tax return reporting a total tax liability of $32,335.55. The return showed tax payments of $32,129.12 and a balance due of $206.43, which presumably was remitted when the return was filed. The computation of the tax reported included what respondent determined was a mathematical error of $119.01 in petitioners' favor, reducing petitioners' total tax liability to $32,216.54. The computation of that liability did not include the so-called alternative minimum tax (AMT). See sec. 55. Respondent informed petitioners that they were liable for the AMT. Petitioners filed a Form 6251, Alternative Minimum Tax--Individuals, on which they reported (and paid) an additional liability of $1,222. Subsequently, respondent sent petitioners a Notice CP12, 2000 Tax Statement, and mistakenly issued a refund check to petitioners of $1,341.01, which is the sum of the mathematical error ($119.01) and the AMT ($1,222) amounts. In the accompanying correspondence there was no specific identification of the erroneous items giving rise to the refund. The statement showed that petitioners' total tax payments for the 2000 year were $33,557.55, which is the total of

the tax liability shown on petitioners' return ($32,335.55) and the AMT liability ($1,222). Petitioners negotiated the refund check. Subsequently, respondent issued a notice of deficiency to petitioners determining a deficiency of $1,341 that reflects an AMT liability of $1,341. In correspondence between petitioners and respondent, respondent explained that while respondent received the AMT payment of $1,222, petitioners also received a refund of $1,341, and they were still liable for the AMT.

Petitioners concede for the taxable year 2000 they had an AMT liability of $1,222.[2] As we understand, however, they contend that they paid that liability, and, therefore, respondent is precluded from determining the AMT in the notice of deficiency. As we further understand, the factual predicate for this argument is that the correspondence accompanying the refund check makes no reference to the AMT and the refund may have been due to other unknown adjustments. Petitioners do not point to any other adjustments that could have produced the refund. Moreover, we note that the amount of the refund is the exact amount of the mathematical error and the AMT liability. In sum, this position is disingenuous.

Nonetheless, it does appear that an adjustment should be made. Respondent determined a deficiency of $1,341. That amount appears to include the mathematical error respondent determined

---

[2] Petitioners do not satisfy the requirements of sec. 7491(a).

in petitioners' favor that respondent does not dispute and for which petitioners should be given credit.  The deficiency, therefore, should be the amount of the AMT liability or $1,222.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered for respondent in the amount of $1,222</u>.